IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| REYDAVID RAMIREZ BENITEZ<br>7715 Quince Tree Drive<br>Martinsburg, West Virginia 25403<br><br>*On Behalf of Himself and*<br>*Other Similarly Situated Individuals*<br><br>　　　PLAINTIFF,<br><br>　v.<br><br>BELLA NAPOLI, INC.<br>D/B/A KING'S NEW YORK PIZZA<br>147 Roaring Lion Drive<br>Hedgesville, West Virginia 25427<br><br>SERVE: Domenic Colandrea<br>702 Holden Drive<br>Martinsburg, West Virginia 25401<br><br>And<br><br>DOMENIC COLANDREA<br>702 Holden Drive<br>Martinsburg, West Virginia 25401<br><br>And<br><br>PASQUALE COLANDREA<br>702 Holden Drive<br>Martinsburg, West Virginia 25401<br><br>And<br><br>DOES 1-3<br>D/B/A KING'S PIZZA<br><br>　　　DEFENDANTS | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | ELECTRONICALLY<br>FILED<br>May 30 2024<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br><br>Case No. **3:24-CV-64 (Groh)**<br>　　　_____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff Reydavid Ramirez Benitez a/k/a "Angel" ("Plaintiff"), on behalf of himself and other similarly situated individuals, files his Collective Action Complaint against Defendants Bella Napoli, Inc. d/b/a King's New York Pizza Hedgesville ("BN"), Domenic Colandrea and Pasquale Colandrea ("the Colandreas"), and DOES 1-3 d/b/a King New York Pizza Falling Waters, King's New York Pizza Inwood, and King's New York Pizza Kearneysville ("the DOES") (collectively, "Defendants"), and herein seeks recovery of unpaid wages, damages, costs, and attorney's fees against Defendant for violations of the Federal Fair Labor Standards Act ("FLSA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Berkley County, West Virginia.

2. By affixing his name to the caption of this Collective Action Complaint, and by filing the same with this Court, Plaintiff does hereby submit his written consent to participate as a Plaintiff in an action seeking recovery under the FLSA.

3. Plaintiff's employment duties performed for the benefit of Defendant giving rise to the relief sought in this action occurred substantially within Berkley County, West Virginia.

4. NP is a corporation that was formed under the laws West Virginia that operates as the King's Pizza eatery, located in Hedgesville, West Virginia.

5. The Colandreas are adult residents of Berkley County, West Virginia.

6. The Colandreas are the primary owners, administrators, and/or operators of NP.

7. DOES operate as King's New York Pizza, located in Falling Waters, West Virginia, King's New York Pizza, located in Inwood, West Virginia, and King's New York Pizza, located in Kearneysville, West Virginia.

8. At this time, Plaintiff is unaware of the true legal name for each of the DOES but will seek leave of this Court to amend this Complaint and serve each fictitiously named DOES as named defendants to this action once each of the DOES true legal names become known.

9. The Colandreas are the primary owners, administrators, and/or operators of each of the DOES.

10. At all times relevant, the Colandreas have acted as partners or co-venturers, engaged in the business enterprise of owning and operating NP and the DOES as a single, commonly owned and operated business enterprise doing business as King's New York Pizza throughout the State of West Virginia.

11. At all times relevant, the Colandreas each have served as corporate officers or in a similar operational capacity for NP and each of the DOES.

12. At all times relevant, the Colandreas has been regularly physically present at NP and each of the DOES to manage, control, and administer the business operations of NP and each of the DOES.

13. At all times relevant, the Colandreas performed duties relating to the direct management and supervision of Plaintiff and all other employees performing duties within NP and each of the DOES.

14. At all times relevant, the Colandreas held full authority to hire, fire, discipline, and/or alter conditions of employment for Plaintiff and all other employees performing duties within NP and each of the DOES.

15. At all times relevant, the Colandreas held full and unfettered authority to direct and control the entirety of NP and the DOES's business operations.

16. At all times relevant, the Colandreas served as the most senior managers and supervisors over Plaintiff and all other employees performing duties within NP and each of the DOES.

17. At all times relevant, the Colandreas held full authority to create, implement, and enforce rules, policies, regulations, and best practices relating to the operation of NP and each of the DOES.

18. At all times relevant, the Colandreas held full authority to create, implement, and enforce rules, policies, regulations, and best practices directly related to work duties, responsibilities, and performance standards for Plaintiff and all other employees performing duties within NP and each of the DOES.

19. Though during the period relevant to this action Plaintiff primarily performed employment duties at NP, from time to time, the Colandreas directed Plaintiff to perform employment duties at the other DOES if the Colandreas evaluated the need or necessity for the same.

20. At all times relevant, several individuals employed by Defendants were directed by the Colandreas to perform employment duties interchangeably between or among NP and each of the DOES.

21. At all times relevant, the Colandreas had the power and authority to direct Plaintiff or any other individual working at NP or any of the DOES to perform employment duties at NP or the other DOES if the Colandreas evaluated the need or necessity for the same.

22. At all times relevant, the Colandreas substantially participated in decisions relating to setting and modifying the rate and method of compensation for Plaintiff and all other employees performing duties within NP and each of the DOES.

23. At all times relevant, the Colandreas were responsible for keeping and maintaining all employment and related records related to Plaintiff's employment and the employment of all other employees performing duties within NP and each of the DOES.

24. At all times relevant, NP and each of the DOES shared a common website, menu, and online ordering and payment processing system.

25. At all times relevant, Defendants shared common payroll, bookkeeping, and accounting for NP and each of the DOES or a commonly engaged one or more third-party vendors to facilitate the same.

26. At all times relevant, Defendants purchased, sold, and served beverage and food products to Defendants' customers within NP and each of the DOES' physical King's New York Pizza eateries and online platform that were grown or manufactured outside of West Virginia and traveled and/or passed through interstate commerce.

27. In each year of the relevant to this action, Defendants, collectively, had annual total gross revenues, including unrecorded cash sales and other transactions, exceeding $500,000.00.

28. At all times relevant, Defendants, collectively, operated as a "single enterprise" insofar as Defendants cooperatively operated in multiple physical locations throughout West Virginia as a pizzeria or casual Italian style eatery concept under the singular trade King's New York Pizza, commonly owned, controlled, administered, operated by the Colandreas.

29. At all times relevant, all Defendants qualified as the "employers," "single enterprise employer," and/or "joint employers" for Plaintiff and all other individuals working within NP and each of the DOES within the meaning of the FLSA.

30. This Court has "federal question" subject matter jurisdiction of the FLSA claims asserted in this action pursuant to 28 U.S.C. § 1331.

31. In consideration of the foregoing, personal jurisdiction and venue over all Parties are proper in this Court.

**FACTS**

32. Defendants employed Plaintiff to perform food preparation duties within NP, Defendants' King's New York Pizza, Hedgesville, West Virginia, during the relevant FLSA statutory recovery period of at least May 2021, through the date Defendants' terminated Plaintiff's employment, approximately February 23, 2023.

33. During the relevant period of May 2021, through the date of judgment in this case ("the relevant period"), Defendants employed or continue to employ at least 40 individuals to perform food preparation duties within NP and each of the DOES ("the Class Members").

34. During Plaintiff's relevant period of employment, the exact number of hours Plaintiff worked varied slightly each week.

35. During Plaintiff's relevant period of employment Plaintiff typically and customarily worked six (6) to seven (7) days per week.

36. During Plaintiff's relevant period of employment, Plaintiff typically and customarily began his daily work shift between 10:30 AM – 10:45 AM and concluded his daily work shift between 11:15 PM – 11:45 PM.

37. During Plaintiff's relevant period of employment, Plaintiff typically and customarily worked between 65-75 or more hours per week.

38. During Plaintiff's relevant period of employment, Defendants had actual knowledge Plaintiff typically or customarily worked between 65-75 or more hours per week or suffered or permitted Plaintiff to typically and customarily work between 65-75 or more hours per week.

39. During the relevant period, the exact number of hours each Class Member worked varied slightly each week.

40. During the relevant period, the Class Members regularly and customarily worked more than 40 hours per week.

41. During the relevant period, Defendants had actual knowledge the Class Members regularly and customarily worked more than 40 hours per week or suffered or permitted the Class Members to typically and customarily work more than 40 hours per week.

42. During the relevant period, the FLSA required Defendants to pay Plaintiff and each of the Class Members at the time-and-one-half overtime premium rate for all overtime Plaintiff and each Class Member worked exceeding 40 hours per week. *See* 29 U.S.C. § 207(a)(1); *see also Flood v. New Hanover Cty.*, 125 F.3d 249, 251 (4th Cir. 1997) ("As a general rule, the FLSA provides that an employer may not employ an employee for a workweek longer than forty hours unless it pays its employee one and one-half times the employee's regular rate for all hours in excess of forty.").

43. At no time during the relevant period did Plaintiff or any of the Class Members perform work duties that were exempt from the FLSA time-and-one-half overtime compensation requirement.

44. During the relevant period, Defendants had actual knowledge the FLSA required Defendants to pay Plaintiff and each of the Class members at the time-and-one-half overtime premium rate for all overtime Plaintiff and each Class member worked exceeding 40 hours per week.

45. During Plaintiff's relevant period of employment, Defendants paid Plaintiff a set salary in the amount of $800.00 per week.

46. During the relevant period, Defendant paid the Class Members a set flat weekly salary rate.

47. During the relevant period, Defendants paid Plaintiff and the Class Members at their set weekly salary rate without regard for the number of hours Plaintiff and the Class Members worked each week.

48. During the relevant period, Defendants paid Plaintiff and the Class Members at their set weekly salary rate for overtime Plaintiff and the Class Members worked exceeding 40 hours per week.

49. At no time during the relevant period did Defendants pay Plaintiff or the Class Members at the FLSA required time-and-one-half overtime premium rate for overtime Plaintiff and the Class Members worked exceeding 40 hours per week.

50. At all times during the relevant period, Defendants had actual knowledge that their failure to pay Plaintiff and the Class members at the FLSA required time-and-one-half overtime premium rate for overtime Plaintiff and the Class Members worked exceeding 40 hours per week was in direct violation of the FLSA overtime compensation requirements.

51. During the relevant period, Defendants knowingly, willfully, and unlawfully withheld and failed to pay Plaintiff and the Class Members FLSA required earned "half time" overtime premium wages for performance of work duties exceeding 40 hours per week.

52. During the relevant period, Defendants placed a box on the front counter of NP and one or more of the DOES that clearly stated "tips for cooks" or a similar inscription expressly inviting patrons to pay a tip or gratuity to be received and retained by and among Plaintiff and the Class Members.

53. During the relevant period, Defendants' patrons regularly and customarily paid a tip or gratuity into the box on the front counter of NP and one or more of the DOES that clearly stated "tips for cooks" or a similar inscription for the sole purpose that the tip or gratuity payment be received and retained by and among Plaintiff and the Class Members.

54. During the relevant period, Defendants failed or refused to pay or deliver the tips and gratuities that were paid by Defendants' patrons and intended for Plaintiff and the Class Members and, instead, kept Plaintiff and the Class Members' tips and gratuities for Defendants' own use or benefit.

55. Defendants' practice of taking or deducting Plaintiff and the Class Members' earned tips is in direct violation of Plaintiff and the Class Members' rights under the FLSA proscribing this very practice. *See* 29 U.S.C. § 203(m)(2)(B); 29 U.S.C. § 216(b) ("Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."); *see also Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 232-33 (3rd Cir. 2019).

56.   At all times during the relevant period, Defendants had actual knowledge that the FLSA required that Plaintiff and the Class Members were entitled to keep and retain all tips and gratuities paid by Defendants' patrons for the benefit of Plaintiff and the Class Members.

57.   At all times during the relevant period, Defendants had actual knowledge that it was a direct violation of the FLSA for Defendants to take or deduct tips and gratuities paid by Defendants' patrons for the benefit of Plaintiff and the Class Members.

58.   During the relevant period, Defendants knowingly, willfully, and unlawfully took or deducted tips and gratuities belonging to Plaintiff and the Class Members and paid by Defendants' patrons for the benefit of Plaintiff and the Class Members.

## **COLLECTIVE ACTION ALLEGATIONS**

59.   Plaintiff brings Counts I & II of this Collective Action Complaint against Defendants and other similarly situated Class Members.   recovery of (i) earned and unpaid FLSA required overtime wages; (ii) earned and deducted or withheld tips and gratuities; (iii) FLSA statutory liquidated damages; and (iv) attorney's fees and litigation costs and expenses.

60.   During the relevant period, Defendants commonly employed Plaintiff and the Class Members to perform non-exempt food preparation duties within NP and each of the DOES.

61.   During the relevant period, Defendants commonly paid Plaintiff and the Class Members at a set weekly salary for all hours worked each week including overtime exceeding 40 hours per week.

62.   During the relevant period, Defendants commonly failed to pay Plaintiff and the Class Members at the FLSA required time-and-one-half rate for overtime Plaintiff and the Class Members worked exceeding 40 hours per week.

63. During the relevant period, Defendant commonly took, deducted, or withheld tips and gratuities paid by Defendants' patrons to or for Plaintiff and the Class Members and earned and belonging to Plaintiff and the Class Members.

64. Arising from Defendants' above-described common and class-wide unlawful pay scheme or plan commonly violating Plaintiff and the Class Members overtime compensation and tip retention rights under the FLSA, Defendants are now jointly and severally liable to Plaintiff and the Class Members for (i) payment of Plaintiff and the Class Members' earned and unpaid FLSA required overtime wages; (ii) Plaintiff and the Class Members' earned and deducted or withheld tips and gratuities; (iii) FLSA statutory liquidated damages in an equal amount to Plaintiff and the Class Members' earned and unpaid FLSA required overtime wages and earned and deducted or withheld tips and gratuities; and (iv) payment of Plaintiff and the Class Members' attorney's fees and litigation costs and expenses.

## CAUSES OF ACTION

### COUNT I
**(Violation of the FLSA Overtime Compensation Requirement)**

65. Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

66. During the relevant period, Plaintiff and the Class Members commonly performed non-exempt food preparation employment work duties for the primary benefit of Defendants, for which Defendants commonly failed to pay Plaintiff and the Class Members at the time-and-one-half premium overtime rate required by the FLSA for overtime Plaintiff and the Class Members worked over 40 hours per week.

67. Defendants' failure to pay Plaintiff and the Class Members FLSA overtime premium wages at the at the time-and-one-half overtime premium wage rate as required was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and each Class Member that submits a Consent Form to Opt-In to this Action for unpaid overtime wages in an amount to be proven at trial, plus statutory liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### (Violation of the FLSA Tip Retention Requirement)

68. Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

69. During the relevant period, Defendants commonly unlawfully took, deducted, or withheld Plaintiff and the Class Members' earned tips and gratuities that were paid by Defendants' patrons and intended for Plaintiff and the Class Members and, instead, unlawfully kept Plaintiff and the Class Members' earned tips and gratuities for Defendants' own use or benefit.

70. Defendants' unlawful taking and withholding Plaintiff and the Class Members' earned tips was perpetrated by Defendants in violation of the FLSA with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and each Class Member that submits a Consent Form to Opt-In to this Action for earned and withheld or deducted tips in an amount to be proven at trial, plus statutory liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff and the Collective*